[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 23, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-11998
Non-Argument Calendar

_____

D. C. Docket No. 04-00175-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIRGIL JAWAN SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 23, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Virgil J. Smith, a federal prisoner, appeals his 151-month sentence for

possession with intent to distribute a quantity of crack cocaine and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). Smith was sentenced as a career offender, based in part on a state felony conviction for possession of a counterfeit substance.

On appeal, Smith argues that this conviction was not a controlled substance offense, and thus, the government did not meet its burden of proving that he had two previous felony convictions for controlled substance offenses as described in U.S.S.G. §§ 4B1.1 and 4B1.2, the career offender portions of the sentencing guidelines. According to Smith, the term "counterfeit substance," used in § 4B1.2, must be defined through 21 U.S.C. § 802(7). Smith contends that the definition in § 802(7) does not include non-drug imitation substances such as the one he was convicted of possessing. Smith's second argument in favor of interpreting §§ 4B1.1 & 4B1.2 through § 802(7) is that the sentencing commission lacked the authority to include crimes that were not defined in the same manner as the United States Code within the career offender provision.

We review de novo the interpretation and application of the sentencing guidelines. United States v. Bracciale, 374 F.3d 998, 1003 n.5 (11th Cir. 2004). The burden of proof for establishing that a sentence enhancement is warranted lies with the government. United States v. Hernandez, 145 F.3d 1433, 1440 (11th Cir.

2

1998).  A defendant is a career offender if(1) he was at least 18 years old when convicted of the instant offense, (2) the instant offense is "a felony that is either a crime of violence or a controlled substance offence," and (3) he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  We have held that, in determining whether a state felony is a "controlled substance offense" under § 4B1.1, we must "look at the elements of the convicted offense, not the conduct underlying the conviction."  United States v. Frazier, 89 F.3d 1501, 1505 (11th Cir. 1996).

According to§ 4B1.2, a "'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits [. . .] the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b).  The Georgia Controlled Substances Act provides that it is unlawful for any person to possess, sell, manufacture, or possess with intent to sell a counterfeit substance.  Ga. Code Ann. § 16-13-30(i).  The Act further provides that a person who sells a counterfeit substance is guilty of a felony punishable by not less than one year's imprisonment.  Id.

Smith was convicted of possessing a counterfeit substance with intent to sell.  This was an offense under a state law that prohibited the possession of a counterfeit

3

substance, and was punishable by imprisonment for a term exceeding one year. As such, the elements of the offense match the plain language of §§ 4B1.1 & 4B1.2. This offense is sufficient to count towards Smith's career offender status. See Frazier, 89 F.3d at 1505.

This interpretation is not modified by the statutory definitions contained in 21 U.S.C. § 802(7). Section 4B1.1, background, of the sentencing guidelines states that § 4B1.1 implements the career offender directive contained in 28 U.S.C. § 994(h). U.S.S.G. § 4B1.1, background. However, it also states that, "in accord with its general guideline promulgation authority under 28 U.S.C. § 994(a)-(f), and its amendment authority under 28 U.S.C. § 994(o) and (p), the Commission has modified this definition in several respects . . . ." U.S.S.G. § 4B1.1, background. Nothing in 28 U.S.C. § 994 prevents the sentencing commission from using its authority in this manner. Moreover, as the Commission has expressly stated that the definitions have been modified, it would be inappropriate to read them as narrowly as Smith contends they should be read. Smith's sentence is

**AFFIRMED.**[1]

---

[1] Smith's request for oral argument is denied.